Dear Mr. Fielkow:
As elected council member of the New Orleans City Council, you submit the following questions concerning your potential appointment as honorary consul for the government of the Ukraine.
 1) Would the assumption of this role create any ethical or legal issues given my current position as an elected Councilman;
 2) Could the official address and posting of the Ukrainian flag be listed as my City Hall Office; and
 3) Could this office be located at the World Trade Center in New Orleans provided they are amenable to providing a complimentary space? The World Trade Center is a lessee of the building under lease with the New Orleans Building Corp, a City entity.
At the outset, we note that a function of governments includes providing services to their citizens abroad. These "consular" services include notarizing documents or assisting with the estate of a citizen who dies abroad, looking for missing citizens, determining whether citizens are safe, and assisting in evacuating citizens from countries where their lives are endangered.
Consuls also provide assistance to citizens who are detained by a foreign government. Protecting these citizens may include attempting to ensure that they receive a fair and speedy trial with benefit of counsel; visiting them in prison to ensure that they receive humane treatment; and facilitating communications with their families. See U.S. Department of State Publication entitled Consular Notification andAccess, Part 5: Legal Overview, Historical Background. *Page 2 
Countries throughout the world, including the United States, are parties to the Vienna Convention on Consular Relations ("VCCR").[1]
The VCCR provides rules for the operation of consulates and for the functions of career consuls[2] and honorary consuls of a "sending State" (here, the Ukraine) in a "receiving State" (here, the United States). The provisions of Chapter III of the VCCR govern consular posts headed by honorary consular officers. See Attachment A[3] .
An honorary consular officer is registered with the U.S. Department of State upon submission by the foreign sending State of a completed Notification of Appointment of Honorary Consular Officer Form (DS-2005). The sending State must also provide a biography for the applicant and respond to multiple inquiries in a questionnaire as instructed by Diplomatic Note of the Secretary of State. See Diplomatic Note, U.S. Department of State, August 6, 2003, Attachment B.
The Diplomatic Note of the Secretary of State dated August 6, 2003 contains the following statements of the Secretary pertaining to the eligibility, appointment and status of honorary consuls of foreign governments:
 The Secretary of State presents his compliments to Their Excellencies and Messieurs and Mesdames the Chiefs of Mission and has the honor to refer to the establishment and maintenance of consular posts headed by honorary consul officers.
 The United States Government appreciates that honorary consular officers provide important services both to the governments which they represent and to United States citizens and entities. Nevertheless, for reasons previously communicated to the missions, United States Government policy requires that the maintenance and establishment of consular posts headed by honorary consular officers must be supported by documentation which makes it possible for the Department of State to be assured that meaningful consular functions will be exercised by honorary consular officers on a regular basis and that such consular officers come under the supervision of, and are accountable to, the governments which they represent.
 The Secretary informs the Chiefs of Mission that requests for the opening or maintenance of honorary posts should include a *Page 3 
completed form DS-2005, "Notification of Appointment of Honorary Consular Officer," and curriculum vitae (if available) for the applicant as well as all information requested in enclosure A of this note. These materials should be submitted to the Office of Protocol, State Annex-33, 3507 International Place, N.W., Washington, D.C. 20008-3034.
 Upon approval, the Department will issue a letter advising the embassy of its agreement to the opening or maintenance of the post and confirming that the honorary consular officer has been recognized. The Department will not prepare an additional response to any letters or diplomatic notes accompanying such requests. The Department wishes to emphasize that persons should not perform consular functions or hold themselves out to be honorary consular officers until they have been recognized by the United States Government.
 In order to be eligible for recognition as an honorary consular officer, an individual must:
 (1) possess a consular title recognized by the United States Government (Honorary Consul General, Honorary Deputy Consul General, Honorary Consul, Honorary Deputy Consul, Honorary Vice Consul, and Honorary Consular Agent);
 (2) be a citizen or legal permanent resident of the United States;
 (3) not hold an office of profit or trust with the United States Government or a position with a state, county or other municipality of the United States which is considered by such entity to be incompatible with the duties of a foreign consular officer,
 (4) obtain permission from the Secretary of the Department concerned, if he or she holds a commission as a Reserve Officer in any branch of the United States Armed Forces;
 (5) reside in the area where recognition is requested; and
 (6) be over 21 years of age.
 The Department would like to point out that it is not in a position to conduct background checks or provide analysis of a person's qualifications or suitability to serve as an honorary consular officer. It trusts that the sending states, through their embassies, have *Page 4 
completely reviewed the credentials of all persons nominated to represent their governments.
 The Secretary reminds the Chiefs of Mission that prior to notification by the Department of the candidate's recognition, it would be premature for a candidate to inquire of the Department concerning his or her status. In any event, inquires regarding the status of requests to open or maintain honorary consular posts or for consular recognition should be made through the embassy and not directly to the Department by the candidate. (Emphasis added); see Attachment
The Diplomatic Note dated August 6, 2003 is attached for your reference.
The foregoing discussion reflects that the position of honorary consul for the government of the Ukraine is an appointive office in the government of a foreign country. R.S. 42:63(A)(1) of the Louisiana Dual Officeholding and Dual Employment Law provides as follows:
 No person holding an elective office, appointive office, or employment in any of the branches of state government or of a political subdivision thereof shall at the same time hold another elective office, appointive office or employment in the government of a foreign country, in the government of the United States, or in the government of another state.
R.S. 42:63(A)(1) prohibits you from holding concurrently a position as elected councilman and an appointive office in the government of a foreign country. Thus, while you are elected councilman, it is the opinion of this office that a violation of the dual-officeholding law would occur should you accept an appointment as honorary consul by the government of the Ukraine.
You also advise that the World Trade Center is a lessee of a building owned by the New Orleans Building Corp., a City entity. You ask if "complimentary space" could be given by the lessee to the Ukraine government for consulate offices.
Article VII, Sec. 14 of the La.Const. of 1974 prohibits the donation of funds, credit, property, or things of value of any political subdivision to or for any person, association, or corporation, public or private. We can draw no specific conclusion as to whether or not a prohibited donation would occur herein, as we are not provided any documentation concerning the lease agreement. However, we find it sufficient to note that a constitutional violation occurs only in the event that a public entity is donating the property. Here, presumably, the public entity which owns the building is compensated for the leased space. *Page 5 
Finally, Article 29 of the VCCR is responsive to your question concerning flag protocol. This provision states that "the national flag of the sending State may be flown and its coat-of-arms displayed on the building occupied by the consular post and at the entrance door thereof, on the residence of the head of the consular post and on his means of transport when used on official business".
Those publications referenced in this opinion are available in their entirety on the U.S. Department of State website, http://www.state.gov/.
Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] (U.S. Treaty), T.I.A.S. No. 6820, 21 U.S.T. 77 (effective date December 14, 1969).
[2] A "career consular officer" is a foreign national who holds a full-time post in the receiving State. Career consuls and honorary consuls represent two different classes of consular officers, and the provisions within the VCCR regarding these consul positions are not identical.
[3] The text of the body of the VCCR, signatories omitted, enclosed as Attachment A.